# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARRYL MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-00179-NCC |
| ) | |
| CINDY GRIFFITH, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on *pro se* Petitioner Darryl Moore's ("Petitioner") Motion to Alter or Amend Judgment (Doc. 19). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 5). For the following reasons, the Court will **DENY** the Petitioner's Motion.

## I. BACKGROUND

On January 23, 2015, Petitioner filed a Section 2254 Petition in which he raised the following four grounds for relief:

(1) The trial court erred in refusing to issue a writ of body attachment against defense witness Lamarkis Cowan, compelling him to testify, because there was sufficient evidence showing that he was properly subpoenaed to testify (Doc. 1-1 at 2);

(2) The trial court erred when it overruled Petitioner's motions for judgment of acquittal at the close of the State's evidence because there is reasonable doubt that Petitioner operated the .45 caliber automatic handgun that fired the bullets causing the downward-tracking fatal wounds to the victim's body because of Petitioner's short height and obvious physical disability (*Id.* at 20);

(3) Trial counsel was ineffective for failing to (a) secure Cowan's testimony by endorsing and validly subpoenaing him; and (b) properly request a writ of body attachment due to alleged deficiencies with the subpoena return (*Id.* at 24); and

(4) Trial counsel was ineffective for failing to object and request a mistrial when the State argued in closing, "Now think about what it would be like to watch . . . someone shoot

your son in the head" (*Id.* at 37).

On February 1, 2018, the Court denied Petitioner's Petition and dismissed this action (Doc. 17). That same date, the Court entered Judgment reflecting the Court's determination (Doc. 18).

On February 26, 2018, Petitioner filed the current Motion to Alter or Amend Judgment in which he requests under Federal Rule of Civil Procedure 59(e) that the Court vacate its order dismissing his habeas petition (Doc. 19). Petitioner challenges the Court's determination regarding interrelated Grounds 1 and 3 as they relate to the testimony of Lamarkis Cowan. Petitioner also notes that the Court did not address his request in his traverse for an evidentiary hearing.

## II. DISCUSSION

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Briscoe v. County of St. Louis*, 690 F.3d 1004, 1015 (8th Cir. 2012). "One of the main purposes of Rule 59(e) is to allow a district court to 'rectify its own mistakes in the period immediately following the entry of judgment.'" *Burckhard v. BNSF Railway Co.*, 837 F.3d 848, 857 (8th Cir. 2016) (citing *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Such motions cannot be used to introduce new evidence, tender legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Cole v. Roper*, No. 4:10-CV-197 CEJ, 2013 WL 869396, at *1 (E.D. Mo. Mar. 7, 2013).

Petitioner challenges the Court's determination regarding interrelated Grounds 1 and 3

(Doc. 19 at 2). In Ground 1, Petitioner argued that the trial court erred in refusing to issue a writ of body attachment against defense witness Lamarkis Cowan ("Cowan"), compelling him to testify, because there was sufficient evidence showing that he was properly subpoenaed to testify (Doc. 1-1 at 2). In Ground 3, Petitioner asserted that trial counsel was ineffective for failing to (a) secure Cowan's testimony by endorsing and validly subpoenaing him; and (b) properly request a writ of body attachment due to alleged deficiencies with the subpoena return (*Id.* at 24). Relying on Cowan's deposition testimony as well as the trial testimony of Lamont Jenkins ("Jenkins") and Kevin Sanders, Sr. ("Sanders"), the victim's father, Petitioner asserts that Cowan's testimony was material. First, Petitioner argues that Cowan's testimony would have impeached the testimony of the victim's father because it establishes that the fight occurred in the middle of the gangway and therefore the view of the victim's father would have been impeded. Petitioner further asserts that the testimony of Jenkins, the other witness that alleged that Petitioner was the shooter, should be disregarded because Jenkins was arguably impeached on direct examination and his testimony is in conflict with the testimony of Sanders.

The Court found Ground 1 not cognizable in a federal habeas corpus action as the decision of the trial court not to issue the writ of body attachment was based on Missouri state law. While the Court did address the potential Sixth Amendment implications of the trial court's decision on Petitioner's due process right to present witnesses in his defense, this was an alternative finding, as it was before the state court. The Court, nevertheless, determined that Cowan's testimony would not have affected the outcome of the trial because Cowan's testimony did not clearly establish that the fight took place in the gangway and, even if one witness's view was impeded, another witness testified that Petitioner was the shooter. Thus, the Court also determined that trial counsel could not be found ineffective for failing to raise a meritless issue

3

and denied Ground 3.  Regardless, Petitioner largely raises the same issues here as he did in his Petition and, to the extent he raises any new issues, the Court may not review them.  *Cole*, 2013 WL 869396, at *1.  Further, upon a complete and careful review of Petitioner's Motion and the record, the Court finds that Petitioner has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law such that relief pursuant to Rule 59(e) is warranted.  Finally, although Petitioner requested an evidentiary hearing in his traverse, the Court need not have considered his request, raised for the first time on reply, nor was one required in this case.  *Townsend v. Sain*, 372 U.S. 293, 312 (1963) (the court need not hold an evidentiary hearing if the petitioner fails to allege facts sufficient to justify habeas relief).

### III.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Darryl Moore's Motion to Alter or Amend Judgment (Doc. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (Doc. 20) is **DENIED, as moot**.

Dated this 25th day of May, 2018.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE